# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD RASHEED,<br><br>        Petitioner,<br><br>   v.<br><br>PAROLE COMMISSIONER, et.al.,,<br><br>        Respondents.<br>_____ / | 1:09-cv-01216-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding with a petition for writ of coram nobis pursuant to 28 U.S.C. § 1651(a). Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Court Doc. 3.)

DISCUSSION

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir.2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error

is of a fundamental character.  See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions.  Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 2002 1985).  As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases.  A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255.  But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498.

Here, Petitioner is challenging a state court conviction and the denial of release on parole. In addition, to the extent Petitioner is challenging the conditions of his confinement he must seek relief by way of civil rights complaint pursuant to 42 U.S.C. § 1983.  Accordingly, coram nobis is not an available remedy, and the petition must be dismissed.

Accordingly, coram nobis is not an available remedy, and the petition must be dismissed.

IT IS SO ORDERED.

Dated:    **August 7, 2009**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE